CHARLES DAVIS, RESPONDENT, *v.* ISABELLA M. DAVIS, ELIZABETH M. DAVIS AND HENRY DAVIS, INFANTS, APPELLANTS, IMPLEADED, ETC.

*Will — when a limitation over to surviving children does not include grandchildren.*

In July, 1884, Henry Davis died leaving a will, executed on September 6, 1875, by which he gave and bequeathed all his " real estate in fee simple to my (his) three sons, Henry Davis, Charles Davis and James Albert Davis, and the survivor and survivors of them in case either dies before me without issue, and in case either dies before me leaving issue the share of such deceased child shall go to such issue." The son Henry died in December, 1880, leaving three

children, who are still living. James Albert died, without issue, in February, 1882.

*Held,* that upon the death of Henry his share passed to his children, and upon the death of James Albert his share passed to his brother Charles. (BARNARD, P. J., dissenting.)

APPEAL from a judgment, entered in Kings county, upon the trial of this action, which was brought for the partition and sale of the real estate of Henry Davis, deceased.

*James R. Stern, Jr.,* for the appellants.

*George V. Brown,* for the respondent.

DYKMAN, J. :

This is an action for the partition of real property and the appeal is from the portion of the judgment which prescribes the rights and interests of the parties in the premises involved ; it being the contention of the appellants that such rights are erroneously defined by the judgment, which should be modified in that respect.

A more comprehensive and intelligent view of the case will be obtained by the introduction of a few facts. The source of title was Henry Davis, who made and executed his last will and testament on the sixth day of September, 1875. That portion of the will which holds and controls this case reads as follows : " First, after all my lawful debts are paid and discharged I give and bequeath all my real estate in fee simple to my three sons, Henry Davis, Charles Davis and James Albert Davis, and the survivor and survivors of them in case either dies before me without issue, and in case either dies before me leaving issue the share of such deceased child shall go to such issue."

Henry died while his father lived, in December, 1880, leaving three children, Elizabeth M. Davis, Isabella M. Davis and Henry Davis, defendants and appellants in this action.

James Albert died also while his father lived, in February, 1882, without issue, and the testator died in July, 1884, leaving the plaintiff in this action, Charles Davis, the only survivor of his three sons to whom the devise was made.

These facts and circumstances exhibit the question presented for our solution by this appeal and our conclusions are to be written thus ; The primary devise was to the three sons, and then in contem-

plation of the death of either, provision is made for the devolution of the share of either upon the survivor or survivors if either died before the testator without issue; and if either died before the testator leaving issue, then his share passed to such issue. When, therefore, Henry died, his share was released to his children, and when James Albert died childless, his share was released to his brother Charles, because he was the survivor of them, and the limitation is confined to the children of the testator. The devise is to his three sons, " and the survivor and survivors of them," meaning his child or children left alive.

Henry died before the testator, and therefore never took his share, but it passed to his children as we have seen. James Albert also died before the testator, and never took his share under the devise, but we can put no one in his place but a surviving child of the testator. His share was disposed of by the will, and passed to his brother Charles, one of the three original devisees and the survivor of them.

The judgment appealed from being entered in accordance with these views should be affirmed, with costs.

PRATT, J., concurred.    BARNARD, P. J., dissented.

Judgment affirmed, with costs.